# IN THE COURT OF APPEALS OF IOWA

No. 21-0146
Filed October 6, 2021

**IN THE INTEREST OF THE GUARDIANSHIP OF P.M.,**

**M.G.,**
    Guardian-Appellant,

**B.R.,**
    Mother-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A relative of the minor child appeals the denial of her petition seeking to establish a guardianship of the child. **AFFIRMED.**

Rebecca Feiereisen of Trent Law Firm, PLLC, Cedar Falls, for guardian/appellant.

Teri Jo Schmitz of Iowa Legal Aid, Waterloo, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

P.M. was born in 2018. When the child was four months old, the child's parents, who lived in Omaha, Nebraska, had the child live with a paternal aunt. The aunt lives in Waterloo, Iowa. The plan was for this to be a temporary arrangement of about two weeks. When the two weeks passed, the child's parents and aunt agreed that the child would remain in the aunt's care. A few months later, the child's father was deported to Mexico.[1] While the exact number and frequency is disputed, there were communications and visits between the mother and the child while he was in the aunt's care. The mother also provided some financial assistance to the aunt, although the amount is also disputed.

After the child had been living with the aunt for about six months, the mother tried to have the child returned to her care permanently, but the aunt refused. Rather than returning the child, the aunt almost immediately started this action seeking to establish herself as guardian of the child. The mother's contact with the child then decreased substantially. Each party blames the other for the decrease. As it appeared the case was not going to resolve quickly, a pretrial conference was held at which the parties agreed to entry of an order establishing a temporary guardianship with the aunt named as temporary guardian and setting a schedule of times during which the mother could see the child. The schedule was set with an eye toward not moving too quickly to reintroduce the child to the mother while trying to facilitate as much contact as possible between the two. In-person, telephone, and video visits were encouraged.

---

[1] Around fourteen months after being deported, the father was killed in Mexico.

Within one and one-half months following the issuance of the temporary order, the mother filed a contempt application against the aunt for failing to honor the schedule of visits. After multiple continuances granted based on representations that the parties believed they could resolve their disputes, the case eventually went to final hearing on the aunt's request for establishment of a permanent guardianship and the mother's application for contempt. That hearing was not completed until nearly two years after the child was originally placed in the aunt's care and around seventeen months after the guardianship petition was filed.

Following the hearing, the district court found the aunt failed to prove the elements of Iowa Code section 232D.204(1) and (2) (2020). As a result, the district court terminated the temporary guardianship and dismissed the aunt's petition seeking to establish a permanent guardianship.[2] The aunt appeals.

I. **Standard of Review**

Even though this case started in 2019, it did not reach final hearing until 2020. As a result, it is governed by the 2019 amendments to the Iowa Code addressing guardianships of minors, as the amendments apply to "guardianships and guardianship proceedings of minors established or pending before, on, or after January 1, 2020." *See* 2019 Iowa Acts ch. 56, § 45. The amendments removed all provisions for guardianships of minors from the Iowa Probate Code (Iowa Code chapter 633) and replaced them with different provisions in newly created Iowa Code chapter 232D. *See* 2019 Iowa Acts ch. 56, 57. Following those amendments, our standard of review when reviewing the establishment or denial

---

[2] The district court also denied the mother's application for contempt. That part of the district court's ruling is not an issue in this appeal.

of a guardianship of a minor is de novo. *In re Guardianship of J.M.*, No. 20-1638, 2021 WL 4304224, at *2–3 (Iowa Ct. App. Sep. 22, 2021) (summarizing the history of the amendments and the resulting standard of review). With de novo review, we are deferential to the district court's factual findings but are not bound by them, and we make our own legal conclusions with no deference to the district court's conclusions of law. *Woods v. Charles Gabus Ford, Inc.*, 962 N.W.2d 1, 5 (Iowa 2021).

## II.  Discussion and Analysis

In assessing the aunt's challenge, we begin with the statutory requirements she must prove to establish a guardianship for the minor child:

1. The court may appoint a guardian for a minor without the consent of the parent or parents having legal custody of the minor if the court finds by clear and convincing evidence all of the following:

a. There is a person serving as a de facto guardian of the minor.

b. There has been a demonstrated lack of consistent parental participation in the life of the minor by the parent. In determining whether a parent has demonstrated a lack of consistent participation in the minor's life, the court may consider all of the following:

(1) The intent of the parent in placing the custody, care, and supervision of the minor with the person petitioning as a de facto guardian and the facts and circumstances regarding such placement.

(2) The amount of communication and visitation of the parent with the minor during the alleged de facto guardianship.

(3) Any refusal of the parent to comply with conditions for retaining custody of the minor set forth in any previous court orders.

2. The court may appoint a guardian for a minor without the consent of the parent or parents having legal custody of the minor if the court finds by clear and convincing evidence all of the following:

a. No parent having legal custody of the minor is willing or able to exercise the power the court will grant to the guardian if the court appoints a guardian.

b. Appointment of a guardian for the minor is in the best interest of the minor.

Iowa Code § 232D.204. The aunt contends she proved the elements necessary to establish a guardianship under both section 232D.204(1) and (2).

### A. Guardianship Under Iowa Code Section 232D.204(1)

We start with the aunt's claim she satisfied section 232D.204(1). In resolving this claim, we need not decide whether the aunt was serving as a "de facto guardian"—a term undefined by the statute—because, even if we assume for the sake of discussion she was, we find she failed to prove "a demonstrated lack of consistent parental participation in the life of the minor by the [mother]." In assessing this element, we take into account the permissive considerations listed in section 232.204(1)(b).

The aunt and the mother agree the initial plan was that the aunt would care for the child for a couple of weeks, but they later agreed to extend that period, though still on a temporary basis. Thus, the intent was to establish a temporary arrangement brought on by turmoil in the mother's home that eventually included deportation of the child's father and his subsequent death. We find there was no intent by the mother to relinquish custody, care, or supervision of the child on anything beyond a temporary basis.

While the parties disagree on the amount of communication, the number of visits, and whether the aunt withheld visits or the mother failed to appear for visits, prior to initiation of this guardianship action, both women were cordial with each other and communicated about the child, showing that the mother did not fail to participate in the child's life. The mother also contributed to the support of the child by sending money to the aunt.

We agree with the district court's assessment that the mother took advantage of the aunt's generosity in caring for the child for a six-month period. That said, we also agree there was no justification for the aunt to refuse to return the child at the end of that period. The aunt testified she would like to see the mother get mental-health treatment and see a change in the mother's attitude before the aunt would be willing to return the child. However, there was no persuasive evidence in the record supporting the need for such requirement, and it was not the aunt's place to impose such a requirement before the mother was entitled to the return of her own son. The evidence established the mother has other children, they are thriving in the mother's care, and the mother has a suitable home for the children. Like the district court, we view the aunt's intentions in refusing to return the child in a negative light. The fact the aunt almost immediately filed an action to establish a guardianship after the mother demanded return of the child is a strong indication of the aunt's intentions to keep the child from the mother, and it helps explain the decrease in communication that followed.

In short, we find the aunt failed to prove "a demonstrated lack of consistent parental participation in the life of the minor" by the mother. *See id.* § 232D.204(1)(b). Any lack of consistent participation by the mother was caused by the interference of the aunt. As a result, we reach the same conclusion as the district court—the aunt failed to establish grounds for guardianship under section 232D.204(1).

**B.     Guardianship Under Iowa Code Section 232D.204(2)**

The aunt also contends she established the grounds for a guardianship under section 232D.204(2). After our de novo review, we agree with the district

court that there is no persuasive evidence the mother is unwilling or unable to care for the child. *See id.* § 232D.204(2)(a).

As for willingness, we find the mother has maintained contact with the aunt and the child to the best of her ability given the distance between the parties and the resistance exerted by the aunt. When notified of this action, she took reasonable steps to regain custody of her son, including being willing to work with the aunt to work through a "reintroduction period" before returning the child full time.

As for ability, there is no evidence the mother is unable to effectively parent the child. All persuasive evidence was to the contrary.

The aunt failed to meet her burden to establish "[n]o parent having legal custody of the minor is willing or able to exercise the power the court will grant to the guardian if the court appoints a guardian" as required by section 232D.204(2)(a). As a result, the district court was correct in denying the aunt's petition for guardianship under section 232D.204(2).

## III.	Conclusion

Having concluded the aunt failed to prove grounds for establishment of a guardianship under either Iowa Code section 232D.204(1) or (2), we affirm the district court.

**AFFIRMED.**